# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | | |
|---|---|---|
| MID-CENTURY INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) ) | Case No.   17-cv-1214 |
| v. | ) ) | |
| PIZZA BY MARCHELLONI, ESTATE OF JOSE PADILLA and ESTATE OF LYNSE STOKES, deceased, by SHANA KRIDNER, | ) ) ) ) ) | |
| Defendants. | ) ) | |

## O R D E R  &  O P I N I O N

This matter is before the Court on Defendant Estate of Lynse Stokes's Motion to Dismiss Amended Complaint for Declaratory Judgment (Doc. 9). Plaintiff Mid-Century Insurance Company has responded to the motion. For the reasons stated below the Motion is DENIED.

### LEGAL STANDARDS

Defendant Estate of Lynse Stokes has failed to identify an authority for its motion. Because the motion challenges whether this Court can hear this matter, the Court assumes the motion is one made under Federal Rule of Civil Procedure 12(b)(1), which allows challenges to a district court's subject-matter jurisdiction.

The standard of review for a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction where there is no contention that the complaint is insufficient on its face but rather that there are external facts that undermine a district court's jurisdiction is that the court "may properly look beyond the jurisdictional allegations

of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 444 (7th Cir. 2009). Nevertheless, uncontroverted factual allegations are accepted as true for the purpose of deciding such a motion. *Buckley v. Cty. of Dupage*, No. 88 C 1939, 1998 WL 832641, at *2 (N.D. Ill. Nov. 23, 1998) (citing *Cedars–Sinai Med. Ctr. v. Watkins,* 11 F.3d 1573, 1583 (Fed.Cir. 1993).

## FACTUAL BACKGROUND[1]

On or about September 4, 2016, Jose Padilla ("Padilla") was driving an automobile northbound on Livingston County Road 1900 East in Livingston County, Illinois. At that time, Padilla was in the process of delivering pizza for the defendant, Pizza by Marchelloni (hereinafter "Marchelloni"). Lynse Stokes was a passenger in the vehicle being driven by Padilla. At some point, Padilla attempted to turn left onto Illinois Route 116, but in doing so, drove into the path of Leah Metz's vehicle, which was travelling eastbound on Route 116. A collision occurred between the vehicles that resulted in the deaths of Lynse Stokes and Padilla.[2]

The Estate of Lynse Stokes, maintained by her mother, Shana Kridner, brought a state civil action in the Circuit Court of the Eleventh Judicial Circuit of

---

[1] These facts come from the Amended Complaint (Doc. 3) and the Complaint in the underlying litigation.

[2] The Amended Complaint does not state that Padilla died as a result of the collision but the Court takes judicial notice of an article published by the Pontiac Daily Leader that states as much. Paul Westermeyer, *Crash Results In Death Of Two Teens*, Pontiac Daily Leader (Sept. 6, 2016), available at http://www.pontiacdailyleader.com/news/20160906/crash-results-in-death-of-two-teens.

Illinois in Livingston County against the Estate of Jose Padilla and Marchelloni alleging Wrongful Death against both defendants and survival counts for the pain and suffering of Lynse Stokes prior to her death. (Doc. 3-2).

Plaintiff, Mid-Century Insurance Company ("Mid-Century"), is a California insurance company that extended an insurance policy to Defendant Marchelloni and Dale Stokes, Illinois residents, that was in effect at the time of the collision. The policy has a businessowners liability coverage provision that states:

> We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage", "personal injury" or "advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury", "property damage", "personal injury", or "advertising injury" to which this insurance does not apply.

(Doc. 3 at 4, Doc. 3-1 at 96).

Mid-Century claims it has no duty to defend or indemnify Marchelloni or the Estate of Padilla in any suit seeking damages for bodily injury to which the policy does not apply, and that the underlying lawsuit here is such a suit that is not covered by the policy. (Doc. 3 at ¶27). Mid-Century specifically requests that this Court find no coverage is available under the Mid-Century policy at issue for the Estate of Padilla or Marchelloni and that Mid-Century has no duty to defend or indemnify the Estate of Padilla or Marchelloni for the Underlying Lawsuit.

Defendant Estate of Stokes moves the Court to dismiss the Amended Complaint on the ground that liability has not yet been resolved in the underlying suit and so this matter is not yet ripe.

**DISCUSSION**

Federal district courts are courts of limited jurisdiction, empowered by federal statutes to hear only those matters they are specifically permitted to hear. *Giancana v. Johnson*, 335 F.2d 366, 367 (7th Cir. 1964). One such statute, 28 U.S.C. § 1332, confers jurisdiction upon district courts to hear civil actions involving controversies exceeding the sum or value of $75,000 between citizens of different States. In this case, Defendant Estate of Stokes does not challenge any of the aspects of the Court's diversity jurisdiction over this action. Instead, Defendant challenges whether this action is ripe. Ripeness is a concept of justiciability.

The Declaratory Judgment Act incorporates justiciability within its text. The Act provides in relevant part that "[i]n a <u>case of actual controversy</u> within its jurisdiction,… any court of the United States,… may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a) (emphasis added). "A suit is ripe when the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Cent. States, Se. & Sw. Areas Health & Welfare Fund by Bunte v. Am. Int'l Grp., Inc.*, 840 F.3d 448, 451 (7th Cir. 2016) (quoting *Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941)).

Generally speaking, cases in which insurers seek declarations as to whether they have a duty to defend their insureds in active underlying litigation are ripe for adjudication. *Sears, Roebuck & Co. v. Zurich Ins. Co.*, 422 F.2d 587, 589 (7th Cir.

4

1970) ("The question of an insurance company's duty to defend plainly presents a present controversy ripe for declaratory relief."). This is so because there is a real, concrete controversy between the parties over their legal rights. However, the duty to defend is broader than the duty to indemnify. *Ace Am. Ins. Co. v. RC2 Corp.*, 600 F.3d 763, 766 (7th Cir. 2010) ("An insurer's duty to defend its insured is much broader than its duty to indemnify"). And since the duty to indemnify only arises when the purported indemnitee's liability is established, an action seeking to determine a purported indemnifier's responsibility to indemnify an indemnitee is generally only ripe at that point when the indemnitee's liability is established. *Cunningham Bros., Inc. v. Bail*, 407 F.2d 1165, 1169 (7th Cir. 1969).

In Illinois[3], the law holds that "if an insurer owes no duty to defend, it owes no duty to indemnify." *Metzger v. Country Mut. Ins. Co.*, 2013 IL App (2d Dist.) 120133, ¶ 19, 986 N.E.2d 756, 761. Thus, the approach of one district court in this jurisdiction is to first determine whether a duty to defend exists. *Cincinnati Ins. Co. v. McLean County Unit Dist. # 5 Bd. of Dirs.*, No. 08-cv-2205, 2009 U.S. Dist. LEXIS 128359 at *7-8 (C.D.Ill. Feb. 25, 2009). If the Court finds that that the duty to defend

---

[3] The parties did not cite to, nor was this Court able to locate within the policy, a choice of law provision. In such cases where there is no choice of law provision in the insurance contract, "insurance policy provisions are generally governed by the location of the subject matter, the place of delivery of the contract, the domicile of the insured or of the insurer, the place of the last act to give rise to a valid contract, the place of performance, or other place bearing a rational relationship to the general contract." *TIG Ins. Co. v. Reliable Research Co.*, 228 F. Supp. 2d 921, 926 (S.D. Ill. 2002), *aff'd sub nom. TIG Ins. Co. v. Reliable Research Co.*, 334 F.3d 630 (7th Cir. 2003). All of those factors favor the application of Illinois law in this case. Moreover, the Court's decision to apply Illinois law is buttressed by the appearance in the policy of several provisions specifically designated to apply in Illinois. (*See, e.g.*, Doc. 3-1 at 74, 91, and 93.).

does not exist then it can immediately resolve the question of an insurer's duty to indemnify, obviously in the negative. *Id*. If the Court finds the duty to defend does exist, then the Court should put off consideration of the insurer's duty to indemnify until the resolution of the underlying lawsuit. *Id*. This Court is of the opinion that the approach of the *Cincinnati Ins. Co.* court is proper and it will follow it. Thus, the motion to dismiss for lack of justiciability is denied.

Lastly, the Court wishes to address the Defendant Estate of Stokes's reply brief (Doc. 12). The brief was filed without leave of court in direct contravention of Local Rule 7.1(B)(3) ("No reply to the response is permitted without leave of Court."), so the Court would be well within its discretion to strike it. However, since Plaintiff has not objected to the brief nor moved to strike it, the Court will not strike the brief. Nevertheless, Defendant is admonished to familiarize itself with and to follow this Court's Local Rules.

Defendant cites in its reply brief the case of *Insurance Company of West v. Cty. of McHenry*, No. 02 C 2291, 2002 WL 1803743 (N.D. Ill. Aug. 6, 2002) for the proposition that "a duty to defend is moot when there is no active controversy." (Doc. 12 at 1). This statement is nothing more than a tautology and reliance upon it is misplaced. Of course a duty to defend is moot when there is no active controversy concerning it. But that is not the case here.

In *Insurance Company of West*, the court recognized the general rule that "[a] request for a declaratory judgment regarding an insurer's duty to defend the insured is considered to be ripe for adjudication during the pendency of a lawsuit implicating that duty." 2002 WL 1803743 at *2. However, the court found that the policy at issue

contained no duty to defend and that the defendant insured there was estopped from claiming in any legal proceeding that the insurer had a duty to defend. *Id*. Thus there was no active controversy concerning the duty to defend.

Here, in stark contrast, the policy provides that there is a duty to defend at issue. The policy states in relevant part:

> We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage", "personal injury" or "advertising injury" to which this insurance applies. We will have the right and <u>duty to defend</u> the insured against any "suit" seeking those damages. However, we will have no <u>duty to defend</u> the insured against any "suit" seeking damages for "bodily injury", "property damage", "personal injury", or "advertising injury" to which this insurance does not apply.

(Doc. 3 at 4, Doc. 3-1 at 96). It cannot be argued that the policy at issue does not contain a duty to defend. Moreover, there is no claim that Defendants Marchelloni and Estate of Padilla are estopped from claiming in any legal proceeding that Mid-Century had a duty to defend. For these reasons, the argument put forth in Defendant Estate of Stokes's argument is without merit.

## CONCLUSION

For the reasons stated above, Defendant Estate of Lynse Stokes's Motion to Dismiss Amended Complaint for Declaratory Judgment (Doc. 9) is DENIED. This case is referred back to Magistrate Judge Hawley for further non-dispositive pretrial proceedings. SO ORDERED.

Entered this <u>26th</u> day of September, 2017.

s/ Joe B. McDade
JOE BILLY McDADE
United States Senior District Judge
