# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| MID-CENTURY INSURANCE COMPANY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> PIZZA BY MARCHELLONI, ESTATE OF ) <br> JOSE PADILLA and ESTATE OF LYNSE ) <br> STOKES, deceased, by SHANA KRIDNER, ) <br> ) <br> Defendants. ) <br> ) <br> ESTATE OF LYNSE STOKES, deceased, by ) <br> SHANA KRIDNER, ) <br> ) <br> Counter-Plaintiff, ) <br> ) <br> v. ) <br> ) <br> PIZZA BY MARCHELLONI, MID-CENTURY ) <br> INSURANCE COMPANY, ) <br> ) <br> Counter-Defendants. ) <br> ) <br> ESTATE OF LYNSE STOKES, deceased, by ) <br> SHANA KRIDNER, ) <br> ) <br> Third-Party Plaintiff, ) <br> ) <br> v. ) <br> ) <br> AUSTIN HOUGH, ) <br> ) <br> Third-Party Defendant. ) <br> ) | Case No. 17-cv-1214 <br><br> Honorable Judge Joe B. McDade |

## ORDER & OPINION

This matter is before the Court on "Third-Party Defendant Austin Hough's Motion To Dismiss Estate Of Stokes' Third-Party Complaint" (Doc. 42). For the reasons given below, the motion is GRANTED. The Amended Third-Party Complaint (Doc. 30-2) is dismissed.

**LEGAL STANDARDS**

In ruling on a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), "the court must treat all well-pleaded allegations as true and draw all inferences in favor of the non-moving party." *In re marchFIRST Inc.*, 589 F.3d 901, 904 (7th Cir. 2009). The pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss, the challenged pleading must contain sufficient detail to give notice of the claim, and the allegations must "plausibly suggest that the [non-movant] has a right to relief, raising that possibility above a 'speculative level.' " *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, (2007)). The plausibility standard requires enough facts "to present a story that holds together," but does not require a determination of probability. *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010). Though detailed factual allegations are not needed, a "formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 545, 127 S.Ct. 1955. Conclusory statements and labels are insufficient; enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). Lastly, when a plaintiff pleads facts demonstrating that he has no claim, dismissal of the complaint, in this case counterclaims, is proper. *McCready v. eBay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006).

**BACKGROUND**

The full factual background of this case is available in this Court's Order & Opinion dated January 12, 2018 (Doc. 38). Essentially, the case arises out of a car accident that occurred on or about September 4, 2016. Jose Padilla ("Padilla") was driving an automobile northbound on Livingston County Road 1900 East in Livingston County, Illinois. At that time, Padilla was delivering pizza for Pizza by Marchelloni ("Marchelloni"). Lynse Stokes was a passenger in the

vehicle being driven by Padilla. A collision occurred that resulted in the deaths of Stokes and Padilla. The Estate of Stokes, maintained by Shana Kridner, brought a state civil action in the Circuit Court of the Eleventh Judicial Circuit of Illinois in Livingston County against the Estate of Padilla and Marchelloni alleging wrongful death against both defendants and survival counts for the pain and suffering of Lynse Stokes prior to her death. (Doc. 3-2).

Plaintiff, Mid-Century Insurance Company ("Mid-Century") extended an insurance policy to Marchelloni and Dale Stokes, which was in effect at the time of the collision. The policy had a businessowners' liability coverage provision that stated:

> We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage", "personal injury" or "advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury", "property damage", "personal injury", or "advertising injury" to which this insurance does not apply.

(Doc. 3 at 4, Doc. 3-1 at 96). However, the policy went on to list specific exclusions:

> B. Exclusions
> 1. Applicable To Business Liability Coverage
> This insurance does not apply to:
> . . .
> g. Aircraft, Auto Or Watercraft
> "Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft owned or operated by or rented or loaned to any insured. Use includes operation and "loading or unloading".

(Doc. 3-1 at 98, 100).

Based on the exclusion above, Mid-Century claims it has no duty to defend or indemnify Marchelloni or the Estate of Padilla in any suit seeking damages for bodily injury to which the policy does not apply. (Doc. 3 at ¶¶21-27). Mid-Century requests that this Court find no coverage is available under the Mid-Century policy at issue for the Estate of Padilla or Marchelloni and that

3

Mid-Century has no duty to defend or indemnify the Estate of Padilla or Marchelloni for the underlying lawsuit.

Anticipating that Mid-Century may prevail in this action, the Estate of Stokes has brought a third-party complaint (Doc. 30-2) against Austin Hough, the insurance agent who procured the Mid-Century policy for Marchelloni. The Amended Third-Party Complaint provides that "[a]t all relevant times, pursuant to 735 ILCS 5/2-2201(a), Austin Hough owed a duty to Pizza by Marchelloni to exercise ordinary care in the procurement of insurance for Pizza by Marchelloni, as well as to procure insurance in accordance with the instructions of Pizza by Marchelloni." (Doc. 30-2 at ¶ 11). The Amended Third-Party Complaint also provides:

> Without prejudice to its statements and denial herein and elsewhere, if it is found that there is no coverage for Pizza by Marchelloni's alleged loss, such liability will be predicated upon Austin Hough's errors, acts, and omissions in failing to communicate Pizza by Marchelloni's insurance requests, failing to ensure the coverage provided by the Policy conformed to Pizza by Marchelloni's requests for insurance and failing to otherwise exercise ordinary care in procuring the insurance coverage requested by Pizza by Marchelloni.
>
> The errors, acts and omissions specified in the preceding paragraphs constitute professional negligence on the part of Austin Hough.

(Doc. 30-2 at ¶¶ 13-14). Clearly then, the Amended Complaint is based on the premise that Hough owed Marchelloni a duty that he failed to meet due to his negligence. As explained its Order & Opinion dated January 12, 2018, the Estate has no right to assert Marchelloni's purported rights.

In its Order & Opinion dated January 12, 2018, this Court dismissed similar counterclaims brought by the Estate of Stokes against Mid-Century because there were no facts alleged in the counterclaims from which one could conclude Mid-Century owed any duty of care or breached a duty of care owed to Lynse Stokes. Specifically, the Court found Mid-Century owed no duty to Stokes and that there was nothing pled to show that Stokes was an intended beneficiary of the Mid-Century Policy. Hough has moved the Court to dismiss the Amended Third-Party Complaint on

4

the basis that the Estate of Stokes has failed to state a claim for negligence against him because he did not owe Lynse Stokes any legal duty.

In its response to Hough's motion to dismiss, the Estate of Stokes takes the position that the "Motion to Dismiss should be denied because the Estate of Lynse Stokes has a right under the law to bring Lynse's own claims as an intended beneficiary of the parties' insurance contract." (Doc. 42 at 1).

## DISCUSSION

This Court has already explained in a prior written ruling in this case that the bald assertion that Lynse Stokes was an intended beneficiary of the insurance contract between Marchelloni and Mid-Century would not be enough to survive a 12(b)(6) motion to dismiss. Bald assertions are insufficient to plead viable claims; enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander,* 721 F.3d at 422. Despite this Court's warning, the Estate has chosen to defend its Third-Party Complaint against Hough by claiming Lynse Stokes was an intended beneficiary of the insurance contract between Marchelloni and Mid-Century without directing the Court to any provision in the Mid-Century policy where Lynse Stokes was either specifically named or otherwise identified in some other manner as an intended beneficiary of the policy.

"An intended beneficiary is intended by the parties to the contract to receive a benefit for the performance of the agreement and has rights and may sue under the contract; an incidental beneficiary has no rights and may not sue to enforce them. For an intended third-party beneficiary to enforce contract terms, the liability of a promisor to the beneficiary must affirmatively appear from the language of the instrument, and the contract must be made for the direct benefit of the third party. <u>It is not necessary that the beneficiary be identified by name in the contract, but it must be identified in some manner, for example, by describing the class to which it belongs</u>." *Cont'l*

5

*Cas. Co. v. Am. Nat. Ins. Co.*, 417 F.3d 727, 734 (7th Cir. 2005) (internal citations and quotation marks omitted) (emphasis added). "In Illinois, an individual not a party to a contract may only enforce the contract's rights when that contract's original parties intentionally enter into the contract for the direct benefit of the individual. . . . The promisor's <u>intention must be shown by an express provision in the contract identifying the third party beneficiary</u>." *Cahill v. E. Ben. Sys., Inc.*, 603 N.E.2d 788, 791–92 (Ill. App. Ct. 1st Dist. 1992) (internal citations and quotation marks omitted) (emphasis added).

The Estate argues that "Lynse Stokes became a party to the [insurance] contract once she was injured with rights equal to those of Pizza and Third-Party Hough." It relies on *Reager v. Travelers Ins. Co.*, 415 N.E.2d 512, 514 (Ill. App. Ct. 1st Dist. 1980) for this assertion. Such reliance is misplaced. In *Reager*, an Illinois appellate court determined that a couple injured in an accident, who had sued an insured tortfeasor in a separate action, <u>had standing</u> to pursue a declaration of coverage under a liability insurance policy which the defendant insurance company had issued to the insured tortfeasor. *Id.* at 513. In holding that the plaintiffs <u>had standing</u>, the *Reager* court adopted "the position that injured members of the general public are beneficiaries of liability insurance policies." *Id.* at 514.

The Estate believes this general statement is enough to transform Lynse Stokes into an intended beneficiary of the Mid-Century policy. However, importing the logic and language of *Reager* here is unwarranted and unsupported. First, standing is not at issue in this case. Second, clearly, the *Reager* court was discussing a policy of general liability insurance, which is customarily known as "third-party insurance". *See* 15-111 Appleman on Insurance Law & Practice Archive § 111.1 (2nd 2011). It is known as "third-party insurance" because the whole purpose of general liability insurance is to provide coverage for liability to third parties. *See*, *e.g.*, 20-129 Appleman on Insurance Law & Practice Archive § 129.1 (2nd 2011) ("The general liability

6

insurance policy originated to provide insurance coverage in order to indemnify an insured against liability due to be paid to others for harm caused by the insured. Since liability insurance is designed to indemnify the insured against liability owing to others, liability coverages were general."). Against that background it is little wonder that the *Reager* court focused on the fact that "liability insurance is no longer considered merely a private matter between an insured and an insurer" and that "liability insurance abounds with public policy considerations, one of which is that the risk spreading theories of such policies should operate to afford affected members of the public the maximum protection possible consonant with fairness to the insurer," to conclude that "injured members of the general public are beneficiaries of liability insurance policies." 415 N.E.2d at 514. Thus, for general liability insurance contracts, third parties injured by the insureds' conduct outlined in the policy are beneficiaries as far as standing is concerned.

The policy at issue here is not a general liability policy; it is a business owner's policy with a specific exclusion for "bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft owned or operated by or rented or loaned to any insured. (Doc. 3-1 at 98, 100). Ms. Stokes, the victim of an auto crash, can hardly be taken to be within the intended category of beneficiaries for an insurance policy that has a specific exclusion of coverage for bodily injury and property damage arising out of the use of an automobile. (*See* Doc. 3-1 at 100).

The Court has already rejected the argument that "Lynse Stokes became a party to the [insurance] contract once she was injured with rights equal to those of Pizza and Third-Party Hough" as resting on specious logic. (Doc. 38 at 8-9). The law requires that the intended beneficiary be *intended by the parties to the contract* to receive a benefit for the performance of the agreement. Such intention is formed before or at the time the contract is formed and it is

discerned by looking to the language of the insurance contract. The intention to designate a beneficiary to a contract cannot be gleaned by events subsequent to the contract's formation.

In conclusion, the Estate of Stokes's Amended Third-Party Complaint against Austin Hough fails because it does not allege facts from which one can conclude Hough owed any duty of care or breached a duty of care owed to Lynse Stokes.

## CONCLUSION

For the reasons stated above, "Third-Party Defendant Austin Hough's Motion To Dismiss Estate Of Stokes' Third-Party Complaint" (Doc. 42) is GRANTED. The Amended Third-Party Complaint (Doc. 30-2) is DISMISSED for failure to state claims upon which relief can be granted. SO ORDERED.

Entered this 23rd day of February, 2018.

                                                          s/ Joe B. Mcdade
                                                          JOE BILLY McDADE
                                         United States Senior District Judge